IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-cr-321-ECM |
| | ) | [WO] |
| DEONTYA LAMAR MCCALL | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Deontya Lamar McCall's *pro se* motion for early termination of supervised release. (Doc. 3). Upon consideration of the motion, and for the following reasons, the motion is due to be denied.

**BACKGROUND**

On August 11, 2017, the Defendant pleaded guilty to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846, in the United States District Court for the Southern District of Alabama. On August 8, 2018, the Defendant was sentenced to 24 months' imprisonment and 5 years' supervised release. The Defendant began serving his term of supervised release on October 20, 2020. (Doc. 6 at 1). To date, he has served almost 50 months of his 60-month term, which is approximately 83% of the term.

In support of his request for early termination, the Defendant asserts that he has been compliant with the terms of his supervised release, he is gainfully employed, he attends religious services, and he "plan[s] on continuing to live a law-abiding life." (Doc. 3 at 1). While the Defendant's Probation Officer reported that the Defendant has complied with the terms of supervised release, the Probation Officer also opined that compliance alone

should not be basis for early termination. (Doc. 6 at 2). The United States opposes the Defendant's motion. (*Id.*).

## DISCUSSION

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release after completion of one year thereof if the Court determines that early termination is warranted by the Defendant's conduct and is in the interest of justice. *See United States v. Johnson*, 877 F.3d 993, 996 (11th Cir. 2017). In making this determination, the Court must consider certain sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.* These sentencing factors include the nature and circumstances of the offense, the history and characteristics of the Defendant, the need for deterrence, the need to avoid unwarranted sentencing disparities, and the need to protect the public from further crimes of the Defendant. *See* 18 U.S.C. §§ 3553(a) and 3583(e)(1); *Johnson*, 877 F.3d at 996 n.7. The Court now turns to the sentencing factors to determine whether early termination is warranted based on the Defendant's conduct and is in the interest of justice. *See* 18 U.S.C. § 3583(e)(1).

While the Court appreciates the fact that the Defendant has complied with the conditions imposed on him by this Court, the Court finds that the Defendant's compliance is the minimum expectation and is not an adequate, independent basis for early termination of supervised release. Further, while the Court appreciates that the Defendant is gainfully employed and has taken other positive steps, the Court finds that, on this record, his circumstances do not justify early termination of supervised release. Considering the

nature and circumstances of his offense, coupled with the need to protect the public and the need for deterrence, the interest of justice counsels in favor of the Defendant remaining under supervision. The Defendant conspired to distribute methamphetamine, an illegal drug which is incredibly damaging to the community. While the Court recognizes that the Defendant appears to have conducted himself lawfully since 2020, the Court also observes that he has done so while under supervision. In sum, the Defendant fails to satisfy his burden to show that the interest of justice warrants early termination of his supervision. Continued supervision is necessary to deter the Defendant and others from illegal activity and to protect the public.

For these reasons, the Court concludes that the Defendant's motion for early termination is due to be denied.

## CONCLUSION

Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the Defendant's motion for early termination of supervised release (doc. 3) is DENIED.

Done this the 18th day of December, 2024.

                                         /s/ Emily C. Marks  
                                         EMILY C. MARKS  
                                         CHIEF UNITED STATES DISTRICT JUDGE